UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARCIA D. NEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:21-cv-771-PPS-MGG |
| ) | |
| KILOLO KIJAKAZI, ) | |
| ACTING COMMISIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. | |

## OPINION AND ORDER

The Commissioner filed a motion to dismiss Plaintiff Neal's complaint in this Social Security Appeal as untimely and barred by the statute of limitations. [DE 6.] The complaint was filed 4 days too late. Although Neal claims she put the complaint in the mail several days before the filing was due, unfortunately for her, the law is very clear that it is the date of filing that is dispositive for questions of timeliness. Because the complaint was incontrovertibly filed 4 days after the statute of limitations had lapsed, I am bound to dismiss the complaint.

### Background

Neal's application for benefits was denied by the Appeals Council on July 30, 2021. [Decl. of Rosanna Mapp, Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Social Security Administration, DE 6-1 at 3.] An individual has 60 days from the date their appeal is denied by the Appeals Council to "commence" a civil action in federal court. 42 U.S.C. § 405(g). "A civil action is

commenced by filing a complaint with the court." Fed. R. Civ. P. 3. The Appeals Council notice advised Neal that the Agency assumes the notice is received within 5 days of mailing. 20 C.F.R. § 422.210(c). [DE 6-1 at 3, 15-16.] Thus, it is assumed Neal received the notice 5 days after it was issued, or by Wednesday, August 4, 2021. Her complaint was therefore due 60 days later, or by October 4, 2021.[1] Neal's complaint was not filed with the Clerk of Court until October 8, 2021, 4 days too late. [DE 1.]

On December 16, 2021, the Commissioner filed a motion to dismiss Plaintiff's complaint arguing it is time-barred. [DE 6.] I ordered Neal, who is proceeding without an attorney, to file a response to the Commissioner's motion on or before January 14, 2022. [DE 8.] Neal did not originally file a response. I again ordered Neal to respond, warning her that if she did not, the motion to dismiss would be granted and the complaint would be dismissed as untimely. [DE 9.]

This time, Neal filed a response. [DE 10.] Neal claims that she "sent it back on September 30th in which I had a remaining 4 days to mail it, but it was mailed (and post dated) in the correct time." [DE 10 at 1.] This must be important to Neal because she is under the impression that there is a mailbox rule in this situation whereby a complaint is deemed filed when it is placed in the mail as opposed to when it is actually filed by the Clerk of Court. I'll talk about that more in a minute, but even if the vagaries of mails is important here, it's hard to know when the items was actually placed in the

---

[1] Sixty days after August 4, 2021, was Sunday October 3, 2021. The next business day was October 4, 2021.

2

postal system because, although the envelope containing the complaint is on the docket and it has two stamps on it, it does not have a post-mark. [DE 1-4.] Neal sent a duplicate copy of the complaint a few days later, and that envelope is post-marked October 5, 2021 (which is after the limitations period had already passed). [DE 2-5.]

## Discussion

The sixty-day statute of limitations period provided by Congress in section 205(g) of the Act serves to "move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Moreover, it acts as a statute of limitations. *Id.* at 478-79; *see also Loyd v. Sullivan*, 882 F.2d 218, 219 (7th Cir. 1989). "[I]t is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen*, 476 U.S. at 479.

As I mentioned before, a person must commence an appeal of the Commissioner's decision within 60 days after the mailing to her of notice. 42 U.S.C. § 405(g). The notice is deemed to be received five days after the date on the notice, but an individual can rebut that presumption by a reasonable showing that the notice was received on a different date. 20 C.F.R. § 422.210(c). In this case, the Appeals Council notice was dated July 30, 2021, so Neal's presumptive receipt date was August 4, 2021. [DE 10 at 5; DE 1-1 at 1.] Neal does not claim that she did not receive the notice by August 4, 2021. She therefore had 60 days to file her complaint—it was due on October 4, 2021.

Neal also does not claim that she asked for an extension of time to file. The Social Security regulations state the 60-day time frame to bring a civil action "may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c); *see also* 20 C.F.R. § 404.982. The Appeals Council's notice dated July 30, 2021, informed Neal that she could request for more time to file suit. [DE 1-1 at 2-3; DE 10 at 6.]

Because Neal does not controvert when she received the notice, and because she did not request an extension of time, she has effectively conceded that the complaint was due on October 4, 2021. Neal's main argument in support of timeliness is that she put the complaint in the mail on September 30, 2021. [DE 10 at 1.] However, as described more thoroughly below, when she put it in the mail is irrelevant.

Rule 3 of the Federal Rules of Civil Procedure states that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Rule 5 further specifies that any paper not filed electronically (like this one, which was mailed), is "filed by delivering it: (A) to the clerk." Fed. R. Civ. P. 5(d)(2). As the Seventh Circuit has explained, "[u]nlike some state court rules the Federal Rules of Civil Procedure do not authorize filing to be accomplished by deposit of papers in the mail." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 604-05 (7th Cir. 2006). Rather, when a paper is "filed" is controlled by Rule 5, which requires delivery to the Clerk. In that case, the Court found "the earliest filing date [] for which there is evidentiary support is September 24, the date the response was stamped 'filed.'" *Id.* at 605. Similarly, the earliest filing date for

4

Neal's complaint for which there is evidence in support is October 8, 2021, the date her complaint was stamped as "filed" by the Clerk. [DE 1 at 1.]

A court can toll the statute of limitations "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen*, 476 U.S. at 480 (quotation omitted). But equitable tolling is proper only "if the plaintiff diligently pursued [her] rights and extraordinary circumstances beyond [her] control prevented [her] from timely filing [her] complaint." *Boyer v. Astrue*, No. 1:12-CV-174-RLM-RBC, 2012 WL 6084633, at *2 (N.D. Ind. Dec. 5, 2012) (citing *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 972 (7th Cir. 2011)). The Seventh Circuit has described equitable tolling as a doctrine to be used only "sparingly." *Bensman v. U.S. Forest Serv,*, 408 F.3d 945, 964 (7th Cir. 2005).

Courts have not found it to be an extraordinary circumstance warranting equitable tolling simply when a plaintiff misjudges how long it will take for a complaint to be mailed. As the court explained in *Boyer*:

> Mr. Boyer claims that he mailed his complaint on Thursday, May 24, 2012, a date he thought would allow enough time for the complaint to arrive and be filed at the court the next day because he mailed the complaint in the city where the court is located. Even though the complaint was mailed in the same city, it isn't remarkable that it didn't arrive at the clerk's office the next day, but any delay caused by the postal service is not an extraordinary circumstance out of Mr. Boyer's control. Mr. Boyer chose to mail the complaint the day before the filing deadline.

*Boyer*, 2012 WL 6084633, at *2; *see also Hernandez v. Kijakazi*, No. 1:21-cv-02020-DLP-JPH, 2021 WL 6071455, at *3 (N.D. Ind. Nov. 18, 2021) (dismissing social security complaint filed 6 days late, finding delay by counsel did not serve as basis for equitable tolling).

Similarly, while there is no evidence that Neal actually placed her complaint in the mail on September 30, 2021, even taking her word for it, it isn't particularly surprising that it took eight days (including a weekend) to travel from Neal's home in Michigan City to the courthouse in South Bend.  This wasn't an extraordinary circumstance out of Neal's control.  In this case, Neal was aware of the filing deadline, she simply failed to put the complaint in the mail on a date early enough to ensure that it would be timely filed.  *See Trotter v. Chater*, 81 F.3d 164, 1996 WL 140983, at *1 (7th Cir. Mar. 26, 1996) (finding complaint time barred where plaintiff mailed it on the 59th day of the 60-day limitation period, but it was not filed until 5 days later, rejecting the argument that the mailing of the complaint within 60 days constitutes timely filing).

In this circumstance, there is a high volume of social security appeals filed every year, and it is necessary to have a bright line rule so that the filing deadlines can be strictly and equally enforced.  If such a rule didn't exist, the court would be caught in a difficult and time-intensive situation for each case, looking at and trying to evaluate post-marks, mailing times, and other factual details for each case.  The clear-cut statute of limitations creates certainty for litigants and ease for the court.  *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) ("Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts

have to draw lines somewhere, statute of limitations protect important social interests.").

Neal also asserts in her response that "I should also mention that there were 2 times they claimed they did not receive my mailings at all. I was mailed new forms in [sic] which changed a couple of the due dates." [DE 10 at 1.] This somewhat confusing assertion is vague and conclusory. Neal does not provide any evidence that these allegations relate to the filing of the instant complaint. And she attached to her response the Appeals Council's notice dated July 30, 2021, which shows she received the denial of her claim for benefits and was aware of the 60-day time frame.

Lastly, Neal argues about the merits of her application for benefits, and claims she has pursued this case for 3 years. [DE 10 at 1.] However, this still does not demonstrate any extraordinary circumstances, beyond her control, that could excuse the untimely filing of her complaint. The merits of Neal's action "do not address the elements [s]he must establish in order to show [s]he is entitled to equitable tolling for the untimely filing." *Williams v. Saul*, No. 19-3233, 2020 WL 5633842, at *2 (C.D. Ill. Sept. 21, 2020).

To summarize, Neal's complaint was filed outside of the applicable statute of limitations period. It is untimely, and no extraordinary circumstances compel equitable tolling. Therefore, the complaint must be dismissed.

**Conclusion**

The Commissioner's Motion to Dismiss [DE 6] is GRANTED, the complaint is DISMISSED WITH PREJUDICE, and the Clerk is directed to CLOSE this case.

SO ORDERED.

ENTERED: March 7, 2022.

                                      /s/ Philip P. Simon
                                      PHILIP P. SIMON, JUDGE
                                      UNITED STATES DISTRICT COURT